UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENE CRUZ on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § § § § § § § § | CIVIL ACTION NO. 4:17-cv-01729 |
| Plaintiff, | | |
| v. | | |
| REEL GROUP LTD., GLOBAL ENERGY GROUP LTD., IAN MCDONALD, and GRAHAM COWPERTHWAITE. | | JURY TRIAL DEMANDED |
| Defendants. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT,
COLLECTIVE ACTION & JURY DEMAND**

**I.    SUMMARY**

1.    Plaintiff Rene Cruz and the employees he seeks to represent ("Class Members") are current and former inspectors paid on a salary or day rate basis by Defendants Reel Group Ltd., Global Energy Group, Ian McDonald, and Graham Cowperthwaite ("Defendants"). Defendants knowingly and deliberately failed to compensate Plaintiff and the Class Members at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek as required under the Fair Labor Standards Act ("FLSA").

2.    Defendants violated the FLSA by paying the Plaintiff and Class Members on a salary or day rate basis without the correct overtime pay. Consequently, Defendants' compensation policy violates the FLSA's mandate that non-exempt employees, such as the Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

3. Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## II. SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants do business in this District and the violations took place while Plaintiff worked in this District.

## III. PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Cruz is an individual currently residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7. The Class Members are all current and former inspector employees of Defendants paid on a salary or day rate basis during the three year period prior to the filing of this Complaint to the present.

8. Defendant Reel Group, Ltd. is the foreign for-profit company, the parent company of Reel Group, Inc., and a creditor in Reel Group, Inc.'s Chapter 7 Bankruptcy proceeding. Reel Group Ltd.'s Vice President of Operations for North and South Americas is Alan R. Thomson who is also Reel Group Inc.'s registered agent.

9. Defendant Global Energy Group, Ltd. is the foreign for-profit company ns the parent company of Reel Group, Ltd.

10. Defendant Ian McDonald is the VP of Reel Group, Inc. He has purposefully directed contacts at the forum state of Texas and the Plaintiffs' claims arise directly out of those purposeful contacts. The FLSA creates a direct cause of action against all statutory employers

who violate its provisions, including Officers and Directors with operational control over employee compensation. As the Vice President of Reel Group Inc., a corporation with its principal place of business in Texas, McDonald has purposefully availed himself of the resources of the forum state. McDonald's contacts with Texas include the conduct that gives rise to the Plaintiffs' claims. For example, Plaintiff's paychecks were issued through Reel Group Inc's Houston office and Defendant McDonald was or should have been responsible for overseeing payroll to ensure Reel Group's compliance with the FLSA. Thus, it is entirely foreseeable that Defendant McDonald be subject to suit in Texas, and exercising personal jurisdiction over him does not offend traditional notions of fair play and substantial justice. In the alternative, jurisdiction over Defendant McDonald is appropriate under Federal Rule of Civil Procedure (4)(k)(2), as in the aggregate, Defendant McDonald has minimum contacts with the United States arising out of both his responsibility for ensuring Reel Group Inc. complied with the FLSA and his purposeful availment of the protections of the United States Bankruptcy law.

11. Defendant Graham Cowperthwaite is the sole director of Reel Group, Inc. He has purposefully directed contacts at the forum state of Texas and the Plaintiffs' claims arise directly out of those purposeful contacts. The FLSA creates a direct cause of action against all statutory employers who violate its provisions, including Officers and Directors with operational control over employee compensation. As the sole director of Reel Group Inc., a corporation with its principal place of business in Texas, Cowperthwaite has purposefully availed himself of the resources of the forum state. Cowperthwaite's contacts with Texas include the conduct that gives rise to the Plaintiffs' claims. For example, Plaintiff's paychecks were issued through Reel Group Inc's Houston office and Defendant Cowperthwaite was or should have been responsible for overseeing payroll to ensure Reel Group's compliance with the FLSA. Thus, it is entirely

foreseeable that Defendant Cowperthwaite be subject to suit in Texas, and exercising personal jurisdiction over him does not offend traditional notions of fair play and substantial justice. In the alternative, jurisdiction over Defendant Cowperthwaite is appropriate under Federal Rule of Civil Procedure (4)(k)(2), as in the aggregate, Defendant Cowperthwaite has minimum contacts with the United States arising out of both his responsibility for ensuring Reel Group Inc. complied with the FLSA and his purposeful availment of the protections of the United States Bankruptcy law.

### IV. FACTS

12. Defendants provide vendor inspection, third party inspection, certification, testing and manpower services for the oil and gas industry.

13. Plaintiff Cruz worked for Defendants as a Non Destructive Testing Inspector during the last three years. His primary duty involved performing inspections on oil and gas drilling equipment and piping.

14. Plaintiff worked for Defendants at multiple job sites throughout the Gulf Coast.

15. Defendants paid Plaintiff a base salary for the first 160 days worked every twelve month period. Once Plaintiff worked in excess of that 160, in addition to the salary he received a day rate for each day worked.

16. Additionally, Defendants paid Plaintiff premium pay when he worked in excess of 12 hours a day. Defendants, however, did not pay overtime on the number of hours worked in excess of 40 per week. As a result, Defendants improperly calculated Plaintiff's regular rate of pay and failed to pay overtime on hours worked over 40 in a week.

17. Accordingly, Defendants did not pay Plaintiff at the rate of time and one half his regular rate of pay for all hours worked over 40 in a workweek.

18. Plaintiff regularly worked more than 40 hours in a week. In fact, Plaintiff commonly worked at least 12 hours during the majority of days that he worked for Defendants. As a result, Plaintiff frequently worked in excess of 60 hours per week.

19. Additionally, just like Plaintiff, the Class Members were paid on a salary and day rate basis.

20. Just like Plaintiff, the Class Members regularly worked more than 40 hours in a week.

21. Further, just like Plaintiff, the Class Members did not receive overtime pay when they worked more than 40 hours in a week.

22. The Plaintiff and Class Members are not exempt from the overtime requirements of the FLSA.

23. None of the exemptions found under the FLSA are applicable to the Plaintiff or the Class Members.

24. Inspectors working for Defendants, such as the Plaintiff and the Class Members, do not supervise other employees or manage a customarily recognized department of Defendants' company.

25. Inspectors have no authority to hire or fire other employees.

26. Inspectors are field employees, not office employees. The perform work related Defendants' core business—i.e., carrying out inspections—not the management of the company's operations.

27. The primary duty of inspectors does not require independent judgment or discretion.

28. Inspectors are not computer-system analysists, computer programmers, software

engineers, or other similar employees.

29. Despite the facts, Defendants pay its inspectors a salary without the proper amount of overtime compensation.

30. Defendants' method of paying the Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

31. Defendants knew about the requirements to pay overtime but chose not to pay overtime to the Plaintiff and Class Members.

## V. CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

32. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

33. This count arises from Defendants' violation of the FLSA for its failure to pay Plaintiff and Class Members overtime compensation.

34. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

35. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

36. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the 3(s)(1) of the FLSA because Defendants have had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

37. Defendants have had an annual gross business volume of not less than $500,000 a year for the three years preceding the filing of this complaint.

38. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

39. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

40. Defendants' compensation scheme applicable to Plaintiff and the Class Members failed to comply with 29 U.S.C. § 207(a)(1).

41. Defendants knowingly failed to compensate Plaintiff and the Class Members at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

42. During all relevant times, Plaintiff and the Class Members were covered employees entitled to the above-described FLSA protections.

43. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

44. As vice president and sole director of Reel Group Inc., McDonald and Cowperthwaite had operational control of Reel Group, Inc.'s enterprise. Corporate officers are liable under the FLSA where the officers have authority over pay practices and involvement in the implementation of overtime policies. Because McDonald and Cowperthwaite had operational control over the human resources policies the governed employee duties and compensation, they are proper Defendants for Plaintiff's FLSA claim. *See Chapman v. A.S.U.I Healthcare and Dev.*, 562 F. App'x 182, 185 (5th Cir. 2014).

45. Reel Group Inc.'s bankruptcy does not absolve McDonald and Cowperthwaite of their liability. A company's bankruptcy has "no effect" on FLSA claims brought against individual mangers, officers, or directors. *Hernandez v. Larry Miller Roofing, Inc.*, 628 F. App'x. 281, 289 (5th Cir.2016) citing *Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir.2009) ("the [debtor's] bankruptcy has no effect on the claims against the individual managers.").

## VII. COLLECTIVE ACTION ALLEGATIONS

46. As part of its regular business practices, Defendants have engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

47. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all inspectors who were or are employed by Defendants and were paid on a salary or day rate basis within the three (3) years preceding the filing of this Complaint to the present.

48. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants has denied them full compensation for their hours worked over forty.

49. Plaintiff has actual knowledge, through observations of and conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendants' policy of not paying the overtime rate for all hours worked over forty. Plaintiff worked with other employees at multiple locations for Defendants.

50. The Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid on a salary or day rate basis, and were denied overtime pay.

51. Defendants' failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

52. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendants' business.

53. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment because liability in this case relates to Defendants' decision to pay its employees on a salary or day rate without overtime.

54. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

55. Class Members are not exempt from receiving overtime pay under the FLSA.

56. Like Plaintiff, all Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

57. The names and addresses of the Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

58. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

59. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

60. As such, the class of similarly situated employees is properly defined as follows:

**All of Defendants' current and former inspectors paid on a salary or day rate basis during the three year period prior to the filing of this Complaint to the present.**

## VIII. WAGE DAMAGES SOUGHT

61. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present. 29 U.S.C. § 216(b).

62. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages. 29 U.S.C. § 216(b).

63. Plaintiff is also entitled to recover his attorney's fees and costs, as required by the FLSA. 29 U.S.C. § 216(b).

## IX. JURY DEMAND

64. Pursuant to his rights under the Constitution of the United States, U.S. CONST. amendment VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## X. PRAYER FOR RELIEF

65. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

d.  Such other and further relief to which Plaintiff and Class Members may be entitled, both at law or in equity.

>Respectfully submitted,
>
>KENNEDY HODGES, LLP
>
>By: */s/ Galvin B. Kennedy*_____
>  Galvin B. Kennedy
>  Texas State Bar No. 00796870
>  Federal I.D. No. 20791
>  gkennedy@kennedyhodges.com
>  KENNEDY HODGES, L.L.P
>  4409 Montrose Blvd., Ste. 200
>  Houston, TX 77006
>  Telephone: (713) 523-0001
>  Facsimile: (713) 523-1116
>
>ATTORNEY FOR PLAINTIFFS